State of Illinois v. Robert Ollie, number 5-10-219. Ready? I know that this is a place for you to stop. Shall I? Okay. Sheriff, we'll just take a... We'll just relax while you go ahead. Alright, the court's called the case. Mr. Gleason, whenever you're ready, you may proceed, sir. Thank you. May it please the court. This appeal concerns a note from the jury asking the judge to clarify a point of law that the jury found confusing. My basic argument is that the judge abused his discretion and plainly erred when he replied only that the jury had received its instructions and would not receive any more. Now, Robert Ollie was tried on four felony counts. Let me just ask an initial question. You do not raise as an issue whether or not the instruction was correct or not correct? That is correct. Yes. The jury found him not guilty of second-degree murder, guilty of aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful possession of a weapon by a felon. Now, here, we do not attack the last of those three convictions. We seek reversal in a new trial on the ag bat with a firearm and the ag discharge of a firearm. Now, the jury's confusion stemmed from People's Instruction Number 23. I quote it in its entirety on page 23, incidentally, of my brief. It reads, a person is not justified in the use of force if he is attempting to commit, committing, or escaping after the commission of aggravated discharge of a firearm or aggravated battery with a firearm. Now, in the jury's note, the jury quoted Instruction Number 23 in its entirety, and then it stated the following. Does this mean that if a person is attempting to commit an aggravated discharge of a firearm, he is not justified in the use of the firearm at that time? This is confusing because then aggravated battery implies aggravated discharge or vice versa. So that was the jury's note. Now, I am relying on a decision from our Supreme Court from 1994, People v. Childs. In that decision, our Supreme Court said the general rule is that when the jury expresses confusion about the point of law and asks the judge for clarification, the judge must provide clarification with a specific answer to the jury's question. And that general rule applies even if the original instructions to the jury were altogether improper. Now, as I indicated, we're not saying that the original instructions were improper. We are saying that the judge's answer, or really non-answer to the jury's question, was definitely improper. This question concerned... Well, the jury's note where they say reading between the lines, this implies that if we convict on one, we should convict on the other, reading the instruction, sounds like they kind of understood the instruction, didn't they? I mean, it does imply that. Do you agree with that? No. Because it has both offenses in there. Right. Well, the instruction says that the person is not justified in the use of force if he is committing either one of these two crimes, which I think goes without saying anyway, because that's why it's a crime law. At any rate... Yeah, I mean, that's kind of what I'm saying in that. Yeah, but no, it does not say if you find him guilty of one. And I don't think it even implies that if you find him guilty of one, you have to find him guilty of the other. You're still left with that business about having to prove each element of the crime beyond a reasonable doubt. You look at this one, and you decide whether each element's crime was proved beyond a reasonable doubt, and you find him guilty if you find that it was proved. And then you look at this other offense, and you see whether each element of that offense was proved beyond a reasonable doubt, and if it was, you find him guilty of that. But I don't see any of that. I'm just focusing on the word implies, okay? They don't say it absolutely means this or doesn't mean it. They're saying that implies that. Well, I think the questions, I think the implies, strongly implies that the jury thought that a finding of guilty as to one mandated a finding of guilty as to the other. In the child's case, you know, the child's case involved what I consider a very similar situation. Now, in that case, the nature of the jury's confusion may have been a bit more clearly expressed. Confusion was clearly expressed. There they asked, the jury asked, does finding him guilty of aggravated battery, pardon me, does finding him guilty of armed robbery mandate finding him guilty of murder? That's a lot easier to understand than this implies business, right? Yes. Okay. But I do think that if you read the jury's note, you know, this jury's note, with an open mind or read it clearly or try to understand it, they do seem to be saying that they think or suspect that a finding of guilty of one of these two requires a finding of guilty as to the other one. It says this is confusing because then aggravated battery implies aggravated discharge or vice versa. I mean, what else? My thought would be, you know, what else would that mean? I think it can only mean that they're thinking that proof of guilt as to one lies with proof of guilt as to the other. I certainly think that's a reasonable interpretation of the jury's note. Now that Your Honor says that, you know, there might be other interpretations. I really don't think so. I think that's what it suggests. What I'm talking about is a different treatment. You say they use the word mandate. Right, and the word implies. As opposed to implies. And the word implies. But, you know, that word implies. You know, if one implies the other, it seems to me it's like mandate in that, you know, they must go to the other. One must be accompanied by the other. At any rate, in Childs, our Supreme Court chastised the trial court for what it characterized as a non-answer to the jury's question. It said that that note, I think they used the word implied, unfortunately. I think the Supreme Court said that that note from the jury implied that at least some of the jurors thought or suspected that the finding of guilty of one mandated the finding of guilty as to the other. And that the judge definitely, definitely should have disabused the jury of that notion. And I think we have the same, exact same thing here. You know, the jury, the judge should not do anything to disabuse the jury of this wrong notion that guilt is to one implied guilt is to the other. All you did was say, you know, you have your instructions, no more instructions for you. But should the judge have said to the jury? I think that the judge should have said to the jury, quote, The finding of guilty as to one offense does not imply or mandate the finding of guilty as to the other offense. You should consider each offense separately, something like that. That would be an excellent second sentence to the reply. Yes, yes, I think that would have, I think that would have taken care of the problem.  So I ask the court to reverse the convictions for agbat with a firearm and agdischarge with a firearm and remand for a new trial. Where it's clear that the state has to prove one and then prove the other. And proving one does not mandate a finding of guilty as to the other as well. Thank you. Ms. Camden. May it please the court. Of course, this issue is waived and barred by the doctrine of estoppel. A defendant is seeking plain error review and to establish plain error, he must prove error. An inquiry which is governed by the abuse of discretion standard. And in Childs, the Supreme Court held that a trial judge does not abuse his or her discretion in declining to answer a jury question. Where the jury instructions are readily understandable and adequately explain the relevant law. And in this case, the jury got a complete and accurate set of jury instructions that did adequately explain the relevant law and answer the question. The instruction showed that these two offenses at issue were separate offenses with separate elements. The jury received guilty and not guilty verdict forms for each of the two offenses. And the jury was instructed to select only one verdict form for each charge. And that's what distinguishes this case from People v. Childs. In which the jury was given separate guilty forms for murder, voluntary manslaughter, and involuntary manslaughter. And only one combined not guilty form for all three offenses. And then the jury was given separate guilty and not guilty forms for armed robbery. And this confusion is what prompted the question. And because the jury verdict forms were incomplete and inaccurate, the judge's answer, the judge's response to the question of, you have the instructions, continue to deliberate, did not answer the jury's question. The verdict forms, as part of the instructions, were inaccurate and incomplete. That was Childs you're talking about. Yes, Your Honor. The one not guilty. Yes, Your Honor. Here they've got a guilty and not guilty on each charge. Yes, Your Honor. And so in Childs, the jury instructions were not readily understandable and did not adequately explain the relevant law. Whereas in this case, they did. This case is much more like People v. Reed. Another Illinois Supreme Court case in which the jury asked the court, quote, whether it would find the defendant guilty of one charge and not the other. Reed, by the way, is discussed in the People's Answer Brief. And the judge, in response to that question, told the jury to keep deliberating and on appeal. The Illinois Supreme Court held that this answer was sufficient because the jury had received an accurate and complete set of instructions with guilty and not guilty verdict forms for each offense. And the Supreme Court rejected the argument that the judge had a duty to dispel whatever confusion might have been evident from the question. And it noted that while the judge could have provided a different answer, that the judge would have been within his discretion to do so, as has been suggested here today. The judge had no duty to do so. He was within his discretion also to simply refer the jury back to the accurate and complete set of instructions. And for these reasons and the reasons stated in the People's Answer Brief, I request that the court affirm unless the court has a question. Thank you, Ms. Candon. Thank you. Rebuttal, Mr. Gleeson. Unless there are questions from the jury. We'll be the jury. Unless there are questions from the court, I have nothing further. Thank you, Mr. Gleeson. All right, we're going to take a brief recess.